Rackley v. Rackley.

---

### Nathan F. Rackley
### v.
### Nathan Rackley.

47   95
|151s 332

*Injunction—Negotiable Instruments—Gift.*

In a controversy in which was involved the one point, whether or not a certain mortgage and notes were assigned and delivered as a gift, or for collection, this court declines, in view of the evidence, to interfere with the decree taking the latter view.

[Opinion filed May 25, 1893.]

Appeal from the Circuit Court of Bureau County; the Hon. George W. Stipp, Judge, presiding.

Mr. RICHARD M. SKINNER, for appellant.

Messrs. ECKELS & KYLE, for appellee.

MR. JUSTICE CARTWRIGHT. The controversy in this case is concerning the ownership of a series of notes and a mortgage securing the same, made by Nathan E. Morris, a grandson of the appellee, Nathan Rackley, payable to appellee, and by him assigned by indorsement thereon to appellant, and delivered to appellant, Nathan F. Rackley. Appellee filed his bill against said Nathan E. Morris and appellant, alleging that said notes and mortgage were assigned to appellant for collection only, and praying for a restoration of the same to him and for an injunction restraining appellant from selling or negotiating them. Nathan E. Morris was defaulted, and appellant answered the bill, claiming that the notes and mortgage were assigned and delivered to him as a gift. Replication to said answer being filed, there was a hearing, and a decree was entered granting the relief prayed for in the bill. No question of law is raised by the appeal. The parties are agreed as to the conditions requisite to constitute a valid gift, and the only dispute is concerning the facts.

The hearing was by the examination of witnesses in open court, where they were all seen and heard. The decision of the case depended upon the credibility of the witnesses examined and the weight to be given to their testimony, and much weight is therefore given to the findings of the chancellor, who had better opportunities for arriving at a correct conclusion as to the facts than we have. Appellee is ninety-two years old, and appellant, who is his son, is about sixty-five years of age. Appellee and his aged wife were boarding with appellant at the time of the assignment, April 10, 1890, and were to pay for their board at the rate of $500 per year. The father and son contradicted each other flatly as to whether the notes were assigned for collection or as a gift. The evidence of appellee shows the infirmity of memory as to details usually incident to great age, but

Rackley v. Rackley.

we can not see that he is entitled to any less credit as to the principal fact than appellant. There was some evidence that the relations between appellee and his grandson, the maker of the notes and mortgage, were not pleasant, and Dr. Hopkins, who witnessed the signature to the assignment of the mortgage, testified that appellee then said that the young man would find out now that a man had got hold of it who would make him pay. Harvey M. Trimble, the attorney who wrote the indorsements and assignment by which the transfer was made, testified that appellant came to him with the notes bearing indorsements to bearer, and was told that that was not a judicious way to make the indorsements; that appellant told him that appellee had trouble with his grandson, the maker of the notes, and wanted appellant to collect them for him; that witness said that all that was necessary was an indorsement for collection; that appellant objected to such an indorsement and said that he was to have his pay for the board out of the paper; that witness then said that the best way would be to make the indorsement in the ordinary way, and for appellant to give his father a receipt, showing how he held the paper; and that witness wrote the indorsements and assignment to be signed by appellee, and wrote and gave to appellant a receipt for the notes and montgage to be signed by him, specifying that they were received to be collected, and that out of the proceeds appellant should have the right to take pay for the board and should pay the balance over to appellee.

Appellant denied this conversation with Mr. Trimble and the making of the receipt for him to sign, and testified that when the notes and mortgage were given to him he questioned the form of the indorsements to bearer, and went to Mr. Trimble to consult with him about it at the suggestion of appellee. He further testified that appellee had given property to his other son, George Rackley, and to his daughter, Phoebe Morris, and told him that this gift was not as much as he had given to George and Phoebe, but that he would make it all right before he died. A son and daughter of

appellant testified to conversations with appellee in which he said that he had given the notes to their father as a present, and these conversations were denied by appellee. David D. Bailey, a justice of the peace who wrote the first indorsements to bearer, which were afterward erased, testified that appellee then said that he was going to give the notes to appellant and that appellant did not know anything about it.

It appears to us that the evidence of the disinterested witnesses preponderated in favor of the claim of appellee. No circumstance having a decided bearing in the case was proven. We are satisfied that the decree was supported by the evidence, and it will be affirmed.

*Decree affirmed.*